IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SHAHEED TAALIB'DIN MADYUN,
BETTY LOU MAQDYUN and
LARRY KISER,

      Plaintiffs,

v.                                     Case No. 04-C-0343

LEMON, CAROL COOK, VAN RYAN, JUDY
SMITH, JON E. LITSCHER, KENNETH
KELLER, VERN PONTO, MARTY
SCHROEDER, LIZ LEMERY, VAN GHEEM,
SUE KRUEGER, CHRIS KRUEGER, WENDY
BRUNS, SHERRY FASSBENDER, CAPTAIN
JONES, ANGIE WOOD, PETER ERICKSEN, J.
SCHWOCHERT, etal.,

      Defendants.

---

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO PARTIALLY DISMISS ACTION

---

### ARGUMENT

I.    SINCE PLAINTIFF SHAHEED MADYUN EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO ONLY ONE OF HIS CLAIMS, HIS REMAINING CLAIMS SHOULD BE DISMISSED.

Under the *Prison Litigation Reform Act of 1995* plaintiff Shaheed Madyanwas required to

exhaust *all* available administrative remedies *before* he commenced this action:

> APPLICABILITY OF ADMINISTRATIVE REMEDIES.--No action shall be brought with respect to prison conditions under... 42 U.S.C. 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. sec. 1997e(a). Congress defined "prison conditions" broadly to include conditions of confinement as well as issues of prisoner treatment.

> DEFINITIONS.—[T]he term 'civil action with respect to prison conditions' means any civil proceeding arising under Federal law with respect to the conditions of the confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

18 U.S.C. sec. 3626(g)(2).

"[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by §1997e(a) from litigating." *Pozo,* 286 F.3d at 1024. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prisons' administrative rules require." *Pozo,* 286 F.3d at 1025. "[A] case filed before exhaustion has been accomplished must be dismissed." *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532, 537 (7th Cir. 1999).

Since a court can take judicial notice of a document at any stage of the proceedings under F.R.E. Rule 201 (f), it can do so on a motion to dismiss without converting it to a motion for summary judgment. *See Menominee Indian Tribe of Wisconsin v. Thompson,* 161 F.3d 449, 455-56 (7th Cir. 1998), *cert. denied,* 526 U.S. 1066 (1999); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986); *Oneida Indian Nation of N.Y. v. State of N.Y.,* 691 F.2d 1070, 1086 (2d Cir. 1982); *Phillips v. Bureau of Prisons,* 591 F.2d 966, 969 (D.C. Cir. 1979). Under F.R. Ev. Rule 201(b) the document must be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Public records and other documents filed in public offices are judicially noticeable. *Mass. v. Westcott,* 431 U.S. 322, 323 n. 2 (1977); *Green v.*

*Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir.), *cert. denied*, 461 U.S. 960 (1983); *Reiner v. Washington Plate Glass Co., Inc.*, 711 F.2d 414, 416 (D.C. Cir. 1983).

The Affidavits of James Zanon, William Noland and Kathleen Bierke establish that plaintiff Shaheed Madyun filed numerous Offender Complaints under the Inmate Complaint Review System, Wis. Admin. Code ch. DOC 310, from April 4, 1998 to April 4, 2004, the date on which this action was filed (In a civil rights action under 42 U.S.C. §1983, the statute of limitations is six years. *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). The defendants ask the court to take judicial notice of these Offender Complaints.

A review of the Offender Complaints reveals that, with respect to all but one of the claims on which he was granted leave to proceed in the Order dated May 17, 2004 ("Order"), the plaintiff has failed to exhaust his administrative remedies:

(1) Claim 2 (Order at 5). No Offender Complaint was filed regarding this claim and, therefore, the plaintiff failed to exhaust his administrative remedies. Offender Complaint CCI-2001-5275 did not exhaust the plaintiff's administrative remedies for three reasons: (1) It concerns an incident that occurred on January 30, 2001 rather than in "'March, 2001'" (Order at 5). (2) It concerns the actions of non-defendant C.O. II Hesselberg rather than defendants "Litscher, O'Donnell and Bruns" (Complaint at 34). (3) It was construed as raising only the issue of the conduct report mentioned in the Offender Complaint ("An inmate shall only include one issue in each complaint." Wis. Admin. Code §DOC 310.09(1)), and the plaintiff never filed another Offender Complaint raising anyother issue mentioned in the Offender Complaint.

(2) Claim 3 (Order at 5-7). No Offender Complaint was filed regarding this claim and, therefore, the plaintiff failed to exhaust his administrative remedies.

(3) Claim 4 (Order at 7). No Offender Complaint was filed regarding this claim and, therefore, the plaintiff failed to exhaust his administrative remedies.

(4) Claim 5 (Order at 7-8). The plaintiff filed Offender Complaint OSCI-2001-11357 regarding this claim. However, the plaintiff failed to appeal the Warden's decision to the Corrections Complaint Examiner as permitted by Wis. Admin. Code §DOC 310.13. Therefore, the plaintiff failed to exhaust his administrative remedies.

(5) Claim 6 (Order at 8-9). No Offender Complaint was filed regarding this claim and, therefore, the plaintiff failed to exhaust his administrative remedies.

(6) Claim 7 (Order at 10-14). The plaintiff filed Offender Complaints OSCI-2002-10994 and OSCI-2002-19420 regarding part of this claim. However, both Offender Complaints were rejected because the plaintiff failed to first exhaust the appeal process in either Wis. Admin. Code §DOC 303.75 or 303.76 as required by Wis. Admin. Code §DOC 310.08(3). Therefore, the plaintiff failed to exhaust his administrative remedies.

(7) Claim 8 (Order at 14). No Offender Complaint was filed regarding this claim and, therefore, the plaintiff failed to exhaust his administrative remedies.

(8) Claim 9 (Order at 14-15). The plaintiff filed Offender Complaint OSCI-2001-32652 regarding this claim, which exhausted his administrative remedies.

(9) Claim 11 (Order at 15-16). No Offender Complaint was filed (by the plaintiff) regarding this claim and, therefore, the plaintiff failed to exhaust his administrative remedies.

A review of all the Offender Complaints filed by plaintiff Shaheed Madyun shows that he exhausted his administrative remedies only with respect to his Eighth Amendment claim stated in Claim 9. Consequently, all of his remaining claims should be dismissed.

II.  SINCE PLAINTIFF BETTY LOU MADYUN WAS NOT A PRISONER AT THE TIME OF THE ALLEGED ACTIONS OF THE DEFENDANTS, SHE HAS NOT ALLEGED AN EIGHTH AMENDMENT CLAIM.

Plaintiff Betty Lou Madyun attempts to state an Eighth Amendment claim (Complaint at 39). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies only to convicted prisoners. *Whitley v. Albers,* 475 U.S. 312, 318-19 (1986); *Kinney v. Indiana Youth Center,* 950 F.2d 462, 465 (7th Cir. 1991). The complaint does not allege that plaintiff Betty Lou Madyun was a prisoner at the time of the alleged actions of the defendants. Consequently, her claim should be dismissed.

## CONCLUSION

The defendants' motion to partially dismiss this action should be granted dismissing plaintiff Betty Lou Madyun's claim and all of plaintiff Shaheed Madyun's claims except his Eighth Amendment claim stated in Claim 9.

Dated at Madison, Wisconsin this ____ day of August, 2004.

Respectfully submitted,

PEGGY A. LAUTENSCHLAGER
Attorney General

JOHN J. GLINSKI
Assistant Attorney General
State Bar #01014024

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3858